DUFRESNE, Judge.
This case comes to us on appeal from a dismissal of a tort suit based on prescription.
The matter arose from an automobile accident which occurred in Jefferson Parish on April 21, 1983. Plaintiff, William Davis, Jr. originally filed suit in Orleans Parish against the following defendants:
I.) Edgar Holliday, the owner-driver of the vehicle which allegedly struck Davis’ vehicle, is domiciled in Tangipahoa Parish;
2.) Crescent Adjustment Services, Inc., a Louisiana Corporation with its registered office in Orleans Parish; and
3.) South State Insurance Company, a foreign insurance company authorized and doing business in Louisiana, and insurer of the Holliday vehicle.
Davis filed suit on April 19, 1984, in Orleans Parish and the defendants were served after April 21, 1984.
On June 5,1984, Crescent filed an Exception of No Cause of Action, and South State for itself and on behalf of its insured, Holliday, filed Exception of Improper Venue.
On May 1,1986, Davis filed a Supplemental and Amended Petition, alleging additional facts supporting his claim against Crescent. In connection with delectual liability, Davis alleged facts asserting an action ex contractu against Crescent.
On August 8, 1986, South State’s Exception of Improper Venue and Crescent’s Exception of No Cause of Action were heard. On February 24, 1987, the trial court in Orleans Parish sustained the Exception of Improper Venue and ordered the litigation transferred to the 24th Judicial District Court (Jefferson Parish).
Subsequently, on May 29, 1987, Crescent and South State jointly filed an Exception of Prescription. On February 1, 1988, the prescription exception was granted, dismissing Davis’ entire lawsuit.
From this dismissal Davis has appealed and argues that Crescent made misrepresentations and breached promises which resulted in detrimental reliance. He asserts that his ex contractu claim against Crescent should not have been dismissed.
The language of Davis' original petition was couched in terms of tortious conduct against Holliday, Crescent and South State. The supplemental and amending petition alleges an action in contract against Crescent and was a belated attempt to cure the difficulty faced with the improper venue exception.
Davis seeks to have his two distinct theories of recovery merged into a single action. The supplemental and amending petition refers to an agreement which is a release of all claims signed by Davis. The alleged contract action which he seeks to enforce would bar his suit in tort. There is a direct conflict of action, one in tort and one in contract, which would result in an improper consolidation of actions.
It is clear from the record that Davis filed his tort suit in the improper venue and failed to correct this before the time period had prescribed. LSA-C.C. art. 3462. A reading of our Code of Civil Procedure clearly describes the proper venues for all tort lawsuits, and Davis was clearly in error. Whatever contractual obligation existed between Davis and Crescent is a subject matter beyond the scope of this appeal.
For the above reasons, the judgment of the district court dismissing Davis’ tort suit is affirmed.
AFFIRMED